**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TIMOTHY L. BLIXSETH, | No. 13-35246 |
| Appellant, | D.C. No. 2:11-cv-00071-SEH |
| v. | |
| YELLOWSTONE MOUNTAIN CLUB, LLC; CREDIT SUISSE; AD HOC GROUP OF CLASS B UNIT HOLDERS; CIP SUNRISE RIDGE OWNER LLC; ROBERT SUMPTER; NORMANDY HILL CAPITAL L.P.; BRIAN A. GLASSES; CIP YELLOWSTONE LENDING LLC; CROSSHARBOR CAPITAL PARTNERS, LLC, | MEMORANDUM[*] |
| Appellees. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 4, 2014
Pasadena, California

Before: KOZINSKI, PAEZ, and BERZON, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Timothy L. Blixseth ("Blixseth") appeals the district court's order dismissing his appeal from the bankruptcy court's order vacating further hearing on good faith prior to approving the Third Amended Plan of Reorganization ("the Plan"). We affirm on the ground that Blixseth's appeal is equitably moot.

Assuming, but not deciding, that Blixseth has standing to bring an appeal from the order vacating a scheduled further hearing on good faith, this appeal is equitably moot. Whether a bankruptcy appeal is equitably moot turns on several factors, including whether the appellant has diligently sought a stay; whether the plan of reorganization has been substantially consummated; whether the rights of third parties will be affected; and whether it is no longer possible to fashion equitable and effective relief "without completely knocking the props out from under the plan." *See Motor Vehicle Casualty Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012).

Blixseth failed to seek a stay of the Plan in this Court. The remedy he seeks here would require unraveling the Plan entirely. Because the Plan has been substantially consummated, it is not now possible to give Blixseth the remedy he seeks "without knocking the props out from under the Plan." *See In re Thorpe Insulation Co.*, 677 F.3d at 880. His appeal as to the bankruptcy court's order vacating further hearings on good faith is therefore equitably moot.

**AFFIRMED.**